## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LARRY JOSEPH SPRUEILL,**

    **Petitioner,**

**v.**                                              **CIVIL ACTION NO. 5:12cv18**
                                                    **(Judge Stamp)**

**TIMOTHY STEWART, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

On February 6, 2012, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241. The petitioner is a federal inmate housed at FCI Morgantown and is challenging the validity of his conviction, imposed in the Middle District of North Carolina. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 2.

## I. Conviction and Sentence

The petitioner was convicted in the United States District Court for the District of North Carolina, Middle District on May 13, 2011, following a plea of guilty to possession with intent to distribute cocaine base (a.k.a. "crack"), in violation of 21 U.S.C. §§841 (a)(1) and 841 (b)(1)(C), and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922 (g)(1) and 924(a)(2). The District Court sentenced the petitioner to forty-one (41) months' imprisonment, three (3) years supervised release, and a $200 special assessment on Count One, and forty-one (41) months' imprisonment and three (3) years supervised release on Count Two, to run concurrently with the sentence for Count One. The petitioner did not file a direct appeal of his conviction sentence, nor has he filed a motion to vacate his sentence under 28 U.S.C. §2255.

## II. Claims of the Petition

The petitioner attacks the validity of his conviction, asserting the following grounds for relief: (1) the indictment failed to state a crime, (2) he was not provided with the names of any witnesses at his arraignment, (3) the arraignment deprived him of judicial review of the indictment because it was conducted before a "mere magistrate judge," and (4) he was deprived of his Sixth Amendment right to confront witnesses against him at the arraignment.

### III. Analysis

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective.[1]  Further, in Wofford, the court held that:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense;

---
[1] Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal or first 2255 motion.

Id at 1244.

Even when those narrow and stringent requirements are met so as to "open the portal" to a § 2241 proceeding, the petitioner must then demonstrate "actual innocence" as defined in Bousley v. United States.[2]

### IV. Issue Presented

Petitioner argues that he is entitled to relief under § 2241 because the indictment failed to state a crime; he was not provided with the names of any witnesses at his arraignment; the arraignment deprived him of judicial review of the indictment because it was conducted before a "mere magistrate judge;" and he was deprived of his Sixth Amendment right to confront witnesses against him at the arraignment.

A motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. §2242 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). The Court finds that because petitioner is attempting to have his sentence vacated, he is seeking §2255 relief not §2241 relief.

However, a federal prisoner may seek relief under 28 U.S.C. §2241 when §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

---

[2] Wofford at 1244, n. 3 (citing Bousley v. United States, 523 U.S. 614, 118 S.Ct. 1604 (1998)).

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

Petitioner does not meet any of the Jones requirements. Because petitioner is challenging the validity of his conviction and sentence, and §2255 is not an inadequate remedy, his claims should be brought in a §2255 motion. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); see also Young v. Conley, 128 F.Supp.2d 354, 357 (S.D. W.Va. 2001). A review of the petitioner's criminal docket shows that he has NOT applied for relief under 28 U.S.C. § 2255 in the sentencing Court. Thus, it is unclear why the petitioner seeks relief in this Court under § 2241, when relief under § 2255 is available in the sentencing court.[4] Because there is still time remaining for the petitioner to timely file for relief under § 2255, a remedy by motion under § 2255 is not inadequate or ineffective, and petitioner must seek that relief in the sentencing court. The petitioner is not entitled to pursue relief under § 2241.

The petitioner is advised of the following:

1. Only one (1) § 2255 motion is permitted to be filed.

---

[4] Section 2255 contains a one-year time limitation for filing for relief in federal court. The petitioner was sentenced on May 13, 2011, and his judgment was not entered until July 12, 2011. Although he did not file a direct appeal of that sentence, he is still well within the one-year time limitation for filing a § 2255 motion.

2. A second or successive motion can only be filed if certified by the Fourth Circuit Court of Appeals to contain newly discovered evidence or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.

3. There is a one-year limitation period within which to file any federal habeas corpus petition. A motion filed under 28 U.S.C. § 2255 must be filed within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

## V. Recommendation

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and dismissed without prejudice**.

On or before **February 29, 2012**, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v.

Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: February 22, 2012.

      /s/ James E. Seibert_____
      JAMES E. SEIBERT
      UNITED STATES MAGISTRATE JUDGE