IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LARRY JOSEPH SPRUEILL,

    Petitioner,

v.                                     Civil Action No. 5:12CV18
                                                   (STAMP)
TIMOTHY STEWART, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The pro se[1] petitioner, Larry Joseph Sprueill, was convicted in the United States District Court for the District of North Carolina on May 13, 2011 following a plea of guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The petitioner was sentenced to forty-one months imprisonment, three years of supervised release and a $200 special assessment on Count One, and forty-one months imprisonment and three years of supervised release on Count Two, to run concurrently with the sentence for Count One.

On February 6, 2012, the petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1341 (9th ed. 2009).

of his conviction. The petitioner asserts the following grounds for relief: (1) the indictment failed to state a crime; (2) he was not provided with the names of any witnesses at his arraignment; (3) the arraignment deprived him of judicial review of the indictment because it was conducted before a magistrate judge; and (4) he was deprived of his Sixth Amendment right to confront witnesses against him at the arraignment.

United States Magistrate Judge James E. Seibert issued a report and recommendation on February 22, 2012, recommending that the petitioner's § 2241 petition be denied and dismissed without prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations on or before February 29, 2012. Neither the petitioner nor the respondent filed objections. On February 28, 2012, this Court received a notice of acceptance of recommendation from the petitioner, in which he acknowledges that his § 2241 petition was filed prematurely. For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and

recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because no objections were filed in this case, this Court reviews the report and recommendation of the magistrate judge for clear error.

### III.  Discussion

Having reviewed the magistrate judge's report and recommendation for clear error, and finding none, this Court agrees that the petitioner improperly challenges his sentence under § 2241 and that he has failed to demonstrate that 28 U.S.C. § 2255 affords an inadequate or ineffective remedy. A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F.3d at 1194 n.5 (citing Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of

3

>  the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328 (4th Cir. 2000).

In this case, the petitioner has failed to establish the elements required by Jones. As the magistrate judge noted, the petitioner has not yet applied for relief pursuant to § 2255, but there is still time remaining for the petitioner to do so. Because a remedy by motion under § 2255 is not adequate or ineffective, the magistrate judge's report and recommendation dismissing the petitioner's § 2241 petition without prejudice is not clearly erroneous.

## IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby ADOPTED and AFFIRMED in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2241 petition is DENIED and DISMISSED WITHOUT PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from

4

appealing the judgment of this Court as to the matters addressed in the magistrate judge's report and recommendation.

 IT IS SO ORDERED.

 The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

 DATED: March 5, 2012

 /s/ Frederick P. Stamp, Jr.
 FREDERICK P. STAMP, JR.
 UNITED STATES DISTRICT JUDGE